UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
FRANCISCO MORA,                                       :
                                                      :
                        Petitioner,                   :    10 Civ. 2934 (WHP)
                                                      :
            -against-                                 :    MEMORANDUM & ORDER
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                        Respondent.                   :
                                                      :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/6/11

WILLIAM H. PAULEY III, District Judge:

    Petitioner pro se Francisco Mora ("Mora") seeks a writ of habeas corpus, or alternatively, a hearing pursuant to 28 U.S.C. § 2255(b). For the following reasons, Mora's petition is denied.

## BACKGROUND

    On March 7, 2006, this Court sentenced Mora to a term of sixty-two months' imprisonment to run consecutively to his undischarged term of imprisonment in Puerto Rico for a different crime. (Petition dated Mar. 7, 2010 ("Pet.") at 3); United States v. Mora, No. 06-1141-cr, 2007 WL 2914231, at *1 (2d Cir. Oct. 5, 2007). On October 5, 2007, the Second Circuit affirmed Mora's conviction and sentence. Mora, 2007 WL 2914231, at *1.

    Mora claims that because he remained in federal custody after this Court sentenced him, he was deprived of the opportunity to earn "[s]tate-[g]ood [t]ime [c]redit." (Pet.

at 4.) Mora maintains that if he had been returned to state custody there is a "reasonable probability" his release date would be November 4, 2011, and not January 4, 2013. (Pet. at 4.) Finally, Mora asserts that he is subject to arrest under an unlawful New York State warrant. (Pet. at 5.) Mora seeks release and transfer to immigration authorities or, alternatively, a hearing in the District of Puerto Rico. (Pet. at 6.)

In subsequent letters, Mora requests that his federal sentence be modified to run concurrently to the undischarged term of his sentence in Puerto Rico or, alternatively, that the Puerto Rican prison be designated a Bureau of Prisons' ("BOP") facility nunc pro tunc. (See Petitioner's Emergency Motion for an Amended Judgment and Commitment Order, dated Feb. 28, 2011 ("Em. Mot."); Petitioner's Motion to Supplement Filed Petition For Amended Judgment, dated Mar. 17, 2011 ("Supp. Mot.").)

On March 10, 2011, BOP denied Mora's request that his federal sentence be credited for time spent in state custody. (Letter from Kara Carr, Correctional Programs Specialist, BOP, to Francisco Mora, dated Mar. 10, 2011 (attached to Supp. Mot.).)

## DISCUSSION

While inmates have a protected liberty interest in good time credit that they have already earned, "no such interest has been recognized in the opportunity to earn good time credit." Abed v. Armstrong, 209 F.3d 63, 67 (2d Cir. 2000) (emphasis added). Because Mora alleges only that he lost the "opportunity" (Pet. at 4) to earn state good time credit, his claim fails. See Abed, 209 F.3d at 67 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 11 (1979)).

Mora also claims that the New York State arrest warrant violates his Constitutional rights because it was issued for a crime that has "been repealed by either act of its Legislature [or] of decision of its court . . . ." (Pet. at 5.) Mora does not claim that he has been arrested or imprisoned because of this warrant. Thus, Mora fails to satisfy the jurisdictional requirement of § 2255 that the petitioner be "in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); see also Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).

Further, this Court rejects Mora's application to modify his sentence under 18 U.S.C. § 3582(c). At his sentencing on March 7, 2006, this Court determined that Mora's sentence should be served consecutive to his state sentence.[1] Moreover, Mora does not qualify for modification of an imposed term of imprisonment under 18 U.S.C. § 3582(c). See Jenkins v. United States, 246 F.R.D. 138, 141 (E.D.N.Y. 2007).

Because the "motion and files and records of the case conclusively show that the prisoner is entitled to no relief," Mora's request for a hearing is denied.[2] 28 U.S.C. § 2255(b).

---

[1] Mora's request for a nunc pro tunc designation is also denied because this Court decided that issue at sentencing on March 7, 2006. And in any case, the issue is moot because BOP has denied Mora's request for nunc pro tunc designation.

[2] This Court need not address the timeliness of Mora's petition as it fails to state a claim for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, Petitioner pro se Francisco Mora's habeas petition is denied. Because Mora has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to dismiss all pending motions as moot and mark this case as closed.

Dated: June 6, 2011
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III<br>U.S.D.J.

*Copies Mailed To*:

Francisco Mora
No. 57753-054
CI Moshannon Valley, Correctional Institution
555 Geo Drive
Philipsburg, PA  16866
*Petitioner, pro se*

Elie Honig, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for the Government*